# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: L.H. & E.H. Jr.**

**No. 12-1442** (Clay County 12-JA-64 & 12-JA-65)

**FILED**

June 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father's appeal, by counsel Wayne King, arises from the Circuit Court of Clay County, wherein his parental rights to the children were terminated by order entered on November 13, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, has filed its response in support of the circuit court's order. The guardian ad litem, Michael W. Asbury Jr., has filed a response on behalf of the children also supporting the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In a criminal matter unrelated to the abuse and neglect proceedings below, petitioner entered a plea agreement whereby he pled guilty to one felony count of burglary and one misdemeanor count of petit larceny in January of 2010. In March of 2010, the circuit court suspended sentencing petitioner for these convictions in favor of a five-year period of probation. In May of 2012, the DHHR filed an abuse and neglect petition alleging that petitioner and Respondent Mother failed to provide a fit and suitable home for the children. The petition was based upon the presence of animal feces and needled syringes within reach of the children, refuse and dirty clothing throughout the home, and the home' general filthy condition. During the adjudicatory hearing, petitioner stipulated to certain allegations in the petition, including that the home presented a safety and health risk to the children and that he failed to provide them with a suitable home. During the proceedings, petitioner also moved the court for an improvement period. In July of 2012, petitioner was arrested for delivery of a controlled substance, and the State later filed a motion to revoke his probation. In the abuse and neglect proceedings, the circuit court ultimately denied petitioner's motion for a post-adjudicatory improvement period and terminated his parental rights following dispositional hearings held in August and September of 2012. That same month, petitioner was sentenced to a period of incarceration of one to ten years in the unrelated criminal proceedings, which was a factor considered in reaching disposition in the abuse and neglect matter.

1

On appeal, petitioner alleges that the circuit court erred in terminating his parental rights based on a finding that he could not meaningfully participate in a post-adjudicatory improvement period because of his incarceration. According to petitioner, he was participating in the services offered and had even admitted to certain allegations from the petition and was, therefore, able to correct the circumstances of abuse. Further, petitioner argues that he was able to participate in any and all services offered by the Division of Corrections. Petitioner additionally argues that the DHHR did not notify him that it was seeking termination of his parental rights and that he did not have appropriate notice prior to the dispositional hearing. Lastly, petitioner argues that it was error to terminate his parental rights when the circuit court could have employed a less restrictive alternative, such as terminating only his custodial rights.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. To begin, it is clear that petitioner had notice of the dispositional hearings and attended the same. Petitioner asserts that disposition occurred without notice that "the State . . . was seeking to terminate" his parental rights. We find no merit in this argument. Petitioner was represented by counsel during the proceedings below and knew, or should have known, that termination of parental rights was a possible outcome of the dispositional hearing.

Additionally, we have previously held that

[w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and

2

the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

Syl. Pt. 3, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Obviously, this Court has previously directed that circuit courts may rely on a parent's incarceration as a factor in terminating parental rights. Further, the record shows that the circuit court in this matter considered several factors in addition to petitioner's incarceration, including his minimal compliance with services offered prior to incarceration. As such, the circuit court did not err in relying on petitioner's incarceration as a factor in determining disposition. The Court finds that the circuit court was presented with sufficient evidence upon which to base its findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. This evidence includes petitioner's non-compliance with services offered prior to incarceration, his inability to comply with services following his incarceration, and evidence of failed and/or diluted drug screens. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: June 10, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II